IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE LODER AND NANCY LODER,

Plaintiffs,

v.

WORLD SAVINGS BANK, N.A., et al.,

Defendants.

NO. C11-00053 TEH

ORDER RE: MOTION TO REMAND

This matter came before the court on a motion for remand filed by plaintiffs Lawrence and Nancy Loder ("plaintiffs" or "the Loders") on July 8, 2011. For the reasons set forth below, the motion is GRANTED.

**BACKGROUND**

Plaintiffs Lawrence and Nancy Loder refinanced their home in 2006 in order to receive a loan of $860,000 from defendant World Savings Bank, FSB ("Wachovia"). The loan was brokered by defendant 5 Star Real Estate Investments ("5 Star"). The loan is presently in default, and non-judicial foreclosure proceedings commenced in July of 2010. Plaintiffs allege 5 Star assisted Wachovia in a scheme to force borrowers, including the plaintiffs, into refinancing and/or foreclosure and profiting all defendants.

*1) Procedural background*

In the original complaint filed by the plaintiffs, there were two claims arising under federal law (the Truth In Lending Act ("TILA"), 12 U.S.C. § 2605, and Real Estate Settlement Procedures Act, ("RESPA"), 15 U.S.C. § 1601 *et seq.*) and several more arising under state law.

1   In January of 2011, the case was removed to the district court on motion of defendant
Wachovia. Wachovia then filed a motion to dismiss the plaintiffs' complaint, and on May 18
the motion to dismiss was granted, with leave to the plaintiffs to amend. The TILA claim was
dismissed due to violation of TILA's statute of limitations. The plaintiffs also informed the
court that they wished to abandon their RESPA claim.

When the amended complaint was filed in June, the federal claims were no longer
included, leaving only state-law based causes of action. Because there are no more federal
claims included in the complaint, the Loders now seek to have the case remanded to state
court for further proceedings.

*2) Arguments advanced by the parties*

Plaintiffs' reasons for seeking remand are primarily based on convenience–they are
elderly, in poor health, and living in San Rafael, Marin County, making the distance they
have to travel to get to either the district court or to mediation difficult for them, given their
condition. The plaintiffs have also contended that judicial efficiency is best served by
remanding the case, as the state-law claims remaining are claims with which a state-court
judge may be more familiar.

Defendant Wachovia argues that economy and convenience are not served by a
remand, and that plaintiffs are using "manipulative tactics" to have the case remanded to the
state court. (Docket No. 44 p. 3).

Economy and convenience, according to Wachovia, are not served by remanding the
case because there are currently motions pending, and a hearing date for those motions set.
They argue that returning to the state court will require parties to re-file the same motions.
They also argue that because the parties are currently in mediation, the court should not
remand.

The "manipulative tactics" alleged by Wachovia are, first, omission of the federal
claims from their amended complaint. (Docket No. 44 p. 3). According to Wachovia, this
was an intentional deletion designed to manipulate the forum.

2

1  The second "manipulative tactic" alleged by Wachovia is the plaintiffs' failure to seek
2 entry of a default judgment against defendant 5 Star. Because the plaintiffs are residents of
3 California, and 5 Star is a California corporation, the inclusion of 5 Star as a defendant
4 defeats diversity of citizenship. Since 5 Star was served on February 9, 2011, they have not
5 filed any answer to the complaint, and, furthermore, 5 Star has apparently allowed their
6 corporate license to expire, suggesting they are no longer a viable entity[1]. therefore,
7 Wachovia argues that the plaintiffs' failure to seek default judgment indicates an intentional
8 effort to prevent diversity jurisdiction.

**LEGAL STANDARD**

28 U.S.C. § 1331 gives original jurisdiction to the federal court where a civil action arises under federal law. 28 U.S.C. § 1441 establishes that those cases where the district court would have original jurisdiction (even if only over one claim) may be removed from the state court to the district court without requiring diversity amongst the parties, and allows the district court to hear the state-law claims.

The court has the power to extend its jurisdiction over state-law claims when those claims "derive from a common nucleus of operative fact" as the federal-law claims, "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

The court has the power to accept jurisdiction over state-law claims, but, in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988) the Supreme Court "drew a distinction between the power of a federal court to hear state-law claims and the discretionary exercise of that power." *Carnegie*, 484 U.S. at 349. The court, in other words, has discretion to decline to hear state-law claims. As a "federal court's determination of state-law claims could conflict with the principle of comity to the States and with the promotion of justice

---

[1] Wachovia requested judicial notice of a document from the State of California Department of Real Estate which contains this information. Judicial notice is hereby GRANTED.

3

between the litigating parties...'pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.'" *Carnegie*, 484 U.S. at 349-350 (quoting *Gibbs*, 383 U.S. at 725-726).

Discretion may be exercised even after a court has accepted jurisdiction over pendant state-law claims. When original jurisdiction has been conferred by federal-law claims and extended over pendant state-law claims, dismissal of the federal claims does not necessarily end the federal court's jurisdiction over the state-law claims.

28 U.S.C. § 1367(c) allows the district court to decline supplemental jurisdiction where "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

However, § 1367(c) does not *require* the court to relinquish jurisdiction under these circumstances. "It is well settled 'that a federal court does have the power to hear claims that would not be independently removable even after the basis for removal jurisdiction is dropped from the proceedings.'" *Harrell v. 20th Century Insurance Company*, 934 F.2d 203, 205 (9th Cir. 1991) (quoting *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir.1986)). "It is generally within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Harrell*, 934 F.2d at 205.

In choosing whether to retain jurisdiction, the court should consider "the values of judicial economy, convenience, fairness, and comity." *Carnegie*, 484 U.S. at 350. When "the federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain"or when "all federal law claims are eliminated before trial, the balance of factors to be considered...will point toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie*, 484 U.S. at 350; 350 n.7. Where "state issues substantially predominate", the factors "usually will favor a decision to relinquish jurisdiction." *Carnegie*, 484 U.S. at 350, n.7 (citing *Gibbs*, 383 U.S. at 726).

4

Should the court wish to relinquish jurisdiction, it may do so by either dismissing the state-law claims without prejudice, so as to allow them to be re-filed in state court, or by remanding the case to state court. *See Carnegie*, 484 U.S. at 351. Certain circumstances (such as where dismissing the state-law claims would effectively foreclose them altogether, due to an expired state statute of limitations) make remanding the clearly better choice, but, absent such clear-cut circumstances, the Supreme Court has suggested that remand may nonetheless be preferable. According to *Carnegie*,

> Even when the applicable statute of limitations has not expired, a remand may best promote the values of economy, convenience, fairness, and comity. Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law. Any time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money. Moreover, the state court will have to reprocess the case, and this procedure will involve similar costs. Dismissal of the claim therefore will increase both the expense and the time involved in enforcing state law. *Carnegie*, 484 U.S. at 353.

It is possible that a plaintiff could "secure a state forum through the use of manipulative tactics" (such as seeking to induce remand by deleting all federal-law claims from the complaint). *Carnegie*, 484 U.S. at 357. In light of this, the court may consider "whether the plaintiff has engaged in any manipulative tactics" in its decision to retain or remand. *Id.* "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.*

**DISCUSSION**

This is a case in the early stages. Therefore, unless it is unusual in some regard, is likely a case more appropriately remanded to the state court under *Carnegie*[2]. With respect to

---

[2] Though *Carnegie* stops short of explicitly creating a presumption of remand in these cases, the analysis of the *Carnegie* court distinctly separates *early* cases from the rest and establishes that unless the case is *unusual*, the factors will require the court to decline jurisdiction. In other words, the *Carnegie* court first looks to the stage of the proceedings, divides cases into "early" and not, then establishes that early cases, unless unusual, will uniformly evoke the same result from the four factor analysis.

5

whether this case is the "usual case" described in *Carnegie*, the court should consider the four factors of judicial economy, convenience, fairness and comity.

### *1. Judicial economy is unlikely to be impaired by remand.*

In spite of Wachovia's concerns about the fact that motions have been filed and set in this matter, and mediation scheduled, the harm to judicial economy in sending the case to state court is minimal. The motions have not yet been heard or decided. The mediation has not progressed significantly, and neither party has indicated a likelihood of a settlement agreement on the horizon, which would be spoilt by a remand. There is no specific burden on economy of the district court alleged by either party, and neither party has specifically alleged any burden on the state court, so we can presume they see none of note.

### *2. Convenience for the plaintiffs would be greatly increased by remand, and no inconvenience to Wachovia has been shown.*

Convenience to the plaintiffs will clearly be aided by remand, especially given their advanced age and poor health. Wachovia has not expressed any inconvenience to themselves. Wachovia has substantial resources, making this difficulty pale in comparison to the inconvenience the plaintiffs, whose travel is both financially and physically difficult.

### *3. Comity is best protected by remanding the case to state court.*

With regards to comity, the path that best preserves the rights of the state to preside over state court matters is to remand the case. Neither party has presented persuasive argument to the contrary.

### *4. Consideration of the manipulative tactics alleged by Wachovia.*

Wachovia claims two different types of manipulative tactics by the plaintiffs: first, the failure to include federal claims in their amended complaint, and, second, the failure to seek a default judgment against 5 Star.

With regard to the first, Wachovia's argument founders in some practical problems. The likelihood that the plaintiffs failed to include federal claims in the amended complaint for the purpose of manipulating the forum is undermined by the fact that,of the two federal claims originally brought by the plaintiffs, one was dismissed due to an expired statute of

6

limitations (a problem that no amendment could fix) and the other claim the plaintiffs, acknowledged was not worth pursuing during the hearing for the first motion to dismiss–well before the amended complaint was filed. In short, their failure to amend has an alternative, legitimate explanation that is more plausible than Wachovia's version.

With regard to the second, the plaintiffs have put forth the argument that their failure to seek default judgment against 5 Star is due to their concern that 5 Star may re-emerge as a differently-named entity, or re-incorporate as an "alter ego" corporation. This concern offers some explanation for their failure to seek default judgment, but, more importantly, the court notes that it is not clear the plaintiffs would be entitled to default judgment, should they seek one. It seems a stretch to conclude that it's a "manipulative tactic" on the basis of the information we currently have, and is certainly not enough, at present, to overcome the case law and other factors in favor of remand.

**CONCLUSION**

Accordingly, with good cause appearing, plaintiffs' motion to remand is GRANTED. This matter is hereby remanded forthwith to the Superior Court of California for the County of Marin. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 9/1/2011

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

7